**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Rafael D.C.,                                                  Civ. No. 26-2449 (JWB/SGE)

        Petitioner,

v.                                                                   **ORDER ON**
                                                            **MOTION TO ENFORCE**
Todd Blanche, *et al.*,                                       **HABEAS ORDER**

        Respondents.

---

Petitioner Rafael D.C. seeks to enforce this Court's order granting him habeas relief in the form of an individualized bond hearing before an Immigration Judge. (Doc. No. 29.) He argues the bond hearing he received did not comply with the habeas order because Respondents presented no evidence to make an individualized showing that justifies continued detention.

Respondents oppose the motion on jurisdictional grounds and argue that the bond proceeding Petitioner received satisfied the habeas order. (Doc. No. 35.)

This Court has jurisdiction to consider whether its habeas order was followed. *See Jenkins v. Kan. City Mo. Sch. Dist.*, 516 F.3d 1074, 1081 (8th Cir. 2008) (recognizing ancillary jurisdiction to manage proceedings, vindicate authority, and effectuate decrees); *see also Gentry v. Deuth*, 456 F.3d 687, 692 (6th Cir. 2006) (recognizing jurisdiction to review whether conditions of habeas were fulfilled).

But that jurisdiction does not extend to reviewing the merits, setting aside, or second-guessing the custody decision. *See* 8 U.S.C. § 1226(e); *Ali v. Brott*, 770 Fed.

Appx. 298 (8th Cir. 2019). Contrary to Respondents' characterizations, Petitioner has not asked to review the custody outcome on the merits. Instead, the question is whether Respondents provided the meaningful bond hearing they were ordered to provide.

The habeas order required a bond hearing where a custody determination is made based on evidence individualized to Petitioner's particular circumstances. It did not impose a specific evidentiary burden or otherwise dictate the parameters of the hearing. The order is not as defined as those issued in *Mathon v. Searls*, 623 F. Supp. 3d 203 (W.D.N.Y. 2022) and *Hechavarria v. Whitaker*, 358 F. Supp. 3d 227 (W.D.N.Y. 2019). Those orders both granted *Zadvydas*-like habeas claims and expressly placed the burden of proof on the government, specified clear and convincing evidence as the standard, and required consideration of alternatives to detention. Here, the habeas order's statement that Respondents "may seek" continued detention on an individualized showing does not fairly translate into imposing a specific burden of proof.

Petitioner received a hearing where individualized evidence was presented and considered. That was the constitutionally adequate process which the habeas order found was missing from his case. He appeared with counsel, submitted substantial evidence, argued his individual circumstances, and received a custody determination made on evidence specific to his case. The Immigration Judge did not resolve the matter on jurisdictional grounds or categorical statutory classifications. Whether that kind of summary proceeding would raise a compliance concern is another matter. But that is not what the record shows took place here.

As Petitioner recognizes, his contention about how the Immigration Judge

considered and weighed his removal order—a circumstance of his particular case—is a matter for appeal. It does not, however, provide grounds for enforcing this Court's habeas order.

Therefore, Petitioner's Emergency Motion (Doc. No. 29) is **DENIED**.

Date: August 13, 2026

*s/ Jerry W. Blackwell*
JERRY W. BLACKWELL
United States District Judge

3